# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RODNEY F. ONEY,

    Plaintiff,

vs.

C/O HOLLINGSWORTH,

    Defendant.

Case No. 2:13-cv-00492-JAD-CWH

**O R D E R**

Defendant has removed this action from state court. The court has reviewed plaintiff's civil rights complaint pursuant to 42 U.S.C. § 1983 and, based on the reasons below, finds that Plaintiff needs to file an amended complaint. The court also denies the request for appointment of counsel and for a status check.

**I.    Defects Requiring Amendment**

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." . . . [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." . . .
> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citations omitted).

Plaintiff alleges that on April 11, 2012, a correctional officer told him to go to the prison's culinary facility for food and then to go to the prison's property room for transportation to court. Plaintiff alleges that he complied, but that when he arrived at the property room defendant Hollingsworth was angry at him for making the transport officer wait and for making plaintiff late for his own hearing. Plaintiff further alleges that defendant Hollingsworth slammed his hand into plaintiff's chest, grabbed plaintiff by the shirt, and jerked plaintiff forward. Plaintiff requested to see medical staff to inspect the red welt that formed, but defendant Hollingsworth denied that request.

Count II is a claim that defendant Hollingsworth violated the Eighth Amendment because defendant Hollingsworth would not allow plaintiff to see medical staff to examine the welt on plaintiff's chest. "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under section 1983." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting *Gamble*, 429 U.S. 104), <u>overruled on other grounds</u>, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical

treatment." *McGuckin*, 974 F.2d at 1059-60.  Plaintiff alleges that the area on his chest was bruised lightly for a few days and that the area was sore for around three weeks.  Plaintiff has not alleged any facts indicating that the problem has persisted or that he has suffered any other further significant injury.  Therefore, plaintiff has not alleged a serious medical need.  The court will give plaintiff the opportunity to amend his complaint to correct this defect with true facts.

In addition to correcting the defect in count II, plaintiff will need to re-allege count I in the amended complaint or that claim will be waived.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**II.   No Exceptional Circumstances for Appointment of Counsel**

Plaintiff has submitted an *ex parte* motion for appointment of counsel (Doc. 3).

There is no constitutional right to appointed counsel in a § 1983 action.  However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915[(e)(1)].  To decide whether these exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.

*Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (internal quotations and citations omitted), <u>withdrawn on other grounds</u>, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc).  The court finds that exceptional circumstances do not exist in this case, and the court denies the motion.

**III.   Order**

Plaintiff has submitted a motion for a status check (Doc. 5).  This order makes the motion moot.

**IT IS THEREFORE ORDERED** that the Clerk shall **SEND** to plaintiff a civil rights complaint form with instructions.  Plaintiff will have **30 days** from the date that this Order is entered to submit his amended complaint, if he believes that he can correct the noted deficiencies.  Failure to comply with this Order will result in the dismissal of count II from this action.

**IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint as such by placing the word "AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 2:13-cv-00492-JAD-CWH, above the word "AMENDED."

**IT IS FURTHER ORDERED** that plaintiff's *ex parte* motion for appointment of counsel (Doc. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for a status check (Doc. 5) is **DENIED**.

Dated this 23rd day of October, 2013.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE